UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ventura Garcia, #16884-058, | ) | C/A No. 2:11-3400-JFA-BHH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Kenny Atkins, | ) | |
| Respondent. | ) | |

Ventura Garcia ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at the FCI-Edgefield in Edgefield, South Carolina. Petitioner alleges that he received a 360-month sentence on November 16, 2001, in the United States District Court for the Western District of North Carolina for a conviction of conspiracy to possess with intent to distribute at least 50 grams of methamphetamine and cocaine. Pet. 2-3, ECF No. 1-2. He alleges that he filed an unsuccessful direct appeal to the Fourth Circuit Court of Appeals, and he filed an unsuccessful habeas petition pursuant to 28 U.S.C. § 2255. Pet. 4, ECF No. 1-2. This Court takes judicial notice that Petitioner's conviction and sentence were upheld on direct appeal in 2004. *See* Order, *Garcia v. United States*, No. 1:05-cv-209-MR (W.D.N.C. April 30, 2010), ECF No. 14 (citing *United States v. Sisk and Garcia*, 87 Fed. App'x 323 (4th Cir. 2004)). *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Additionally, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction and sentence, which the sentencing court denied on February 24, 2005. *See* Order, *Garcia v. United States*, No. 1:05-cv-209-MR (W.D.N.C. April 30, 2010), ECF No. 14. Thereafter, Petitioner filed a second motion pursuant to 28 U.S.C. § 2255, which the sentencing court dismissed as successive on June 8, 2005. *Id.* The Fourth Circuit Court of Appeals dismissed Petitioner's appeal from that decision. *Id.* Thereafter, in 2009, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 59 for a new trial and to amend his judgment of conviction alleging several grounds of relief, including unlawful attribution of drug quantities at sentencing. *Id.* The sentencing court denied that motion, and it explained that should Petitioner desire to file a motion pursuant to 28 U.S.C. § 2255, he must make application for certification of a successive motion to the United States Fourth Circuit Court of Appeals. *Id.* This Court takes judicial notice that on July 6, 2010, and April 26, 2011, the United States Fourth Circuit Court of Appeals denied Petitioner's separate motions under 28 U.S.C. § 2244 for an order authorizing the district court to consider a successive application for relief under 28 U.S.C. § 2255. *See* Order, *In re: Ventura Garcia, a/k/a Chili*, No. 10-201 (4th Cir. July 6, 2010), ECF No. 5; *see also* Order, *In re: Ventura Garcia*, No. 11-152 (4th Cir. April 26, 2011), ECF No. 6.

In the above-captioned case, Petitioner seeks relief from his sentence, and he requests to be resentenced based on the correct drug amount. Pet. 1, 9, ECF No. 1-2. Petitioner alleges the sentencing court violated his constitutional rights by sentencing him based on drugs which were not found on Petitioner at the time of his arrest. Pet. 8- 9, ECF No. 1-2; Pet. 4, ECF No. 1. He also asserts an officer lied about finding certain drugs on Petitioner which Petitioner claims he did not have. *Id.*

## Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with preliminary review of Petitioner's lawsuit to determine if "... it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court..." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

Discussion

A threshold question is whether Petitioner's claims are properly raised in this Court pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Petitioner is attacking the validity of his sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet

4

the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, in response to Question 9 to explain why Petitioner's remedy under § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner wrote "N/A." Pet. 4-5, ECF No. 1-2. Thus, Petitioner does not allege any reason why the savings clause should permit him to bring his claims within a § 2241 Petition. Moreover, this Court believes that Petitioner's allegations do not satisfy the savings clause. He does not allege that, subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. Instead, he argues that certain drugs attributed to him by the sentencing court should not have been attributed to him, which argument apparently has been raised and denied in the sentencing court. Additionally, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). Therefore, this Court does not have jurisdiction to decide the § 2241 Petition because it challenges the validity of Petitioner's sentence and he cannot meet the savings clause.

Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. *Petitioner's attention is directed to the important notice on the next page.*

                                                               s/Bruce Howe Hendricks
                                                               United States Magistrate Judge

March 28, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).