UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ventura Garcia, | ) | C/A No. 2:11-3400-JFA-BHH |
| Petitioner, | ) | |
| v. | ) | ORDER |
| Kenny Atkins, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Ventura Garcia, is an inmate with Federal Bureau of Prisons in Edgefield, South Carolina. He brings this action pursuant to 28 U.S.C. § 2241 seeking to be resentenced based on alleged sentencing enhancement errors. The petitioner was originally sentenced in the United States District Court for the Western District of North Carolina on drug conspiracy charges in 2001.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the court does not have jurisdiction to decide this petition because it challenges the validity of the petitioner's federal sentence and he cannot meet the Savings Clause of 28 U.S.C. § 2255. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation. In lieu of specific objections to the Report, the petitioner has filed a pleading entitled "Reconsideration and Leave to Amend 2241 and to Conform to Courts Recommendation under Rule 14 and Under Admiralty Rule 56 with the Conformity Act." In his motion to amend, the petitioner reargues his claim that he was sentenced improperly under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

Prior to the filing of the § 2241 petition in this court, the petitioner unsuccessfully attempted to have his sentence vacated or corrected in United States District Court for the Western District of North Carolina where he was sentenced. There, he filed two motions under 28 U.S.C. § 2255 and a motion under Fed. R. Civ. P. 59 for a new trial. The Fourth Circuit of Appeals denied his applications to file successive applications.

As the Magistrate Judge properly concludes, the petitioner does not allege any reason why the Savings Clause of 28 U.S.C. § 2255 should permit him to bring his claims in this § 2241 petition. The Magistrate Judge also correctly states that the reach of the Savings Clause has not been extended to prisoners who challenge only their sentences.

The petitioner seeks to amend his petition to "conform" to the court's recommendation. He contends that under *Booker*, his sentence was in error because his sentence was enhanced on facts relating to the use of a firearm and supervisory role.

Even if this court were to allow the petitioner to amend his § 2241 petition, his claim would still fail. The petitioner was sentenced on November 16, 2001, before the decision in *Booker*, which was not made retroactive to cases on collateral review.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, this action is dismissed and the petitioner's motion to amend is denied.

IT IS SO ORDERED.

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge